# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## 3:21-cv-00309-MOC
## 3:14-cr-00229-MOC-DCK-12

| | | |
|---|---|---|
| **RAHKEEM LEE MCDONALD,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **vs.** | ) | **ORDER** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |
| | ) | |

**THIS MATTER** is before the Court on Petitioner's Motion for Reconsideration. [CV Doc. 10].[1]

On April 21, 2015, Petitioner Rahkeem Lee McDonald ("Petitioner") was charged in a Second Superseding Indictment with one count of RICO conspiracy in violation of 18 U.S.C. § 1962(d) (Count One): two counts of murder in aid of racketeering in violation of 18 U.S.C. § 1959(a)(1) and (2) (Counts Seven and Nine); and two counts of possession of a firearm in furtherance of a crime of violence resulting in death in violation of 18 U.S.C. § 924(c) and 924(j)(1) (Counts Eight and Ten). [CR Doc. 69: Second Superseding Bill of Indictment].

On October 20, 2015, Petitioner and the Government entered into a Plea Agreement pursuant to which Petitioner agreed to plead guilty to Counts One, Seven, and Nine and the Government agreed to dismiss Counts Eight and Ten. [CR Doc. 324: Plea Agreement]. Petitioner was sentenced to a term of imprisonment of 360 months on Count One and a term of imprisonment

---

[1] Citations to the record herein contain the relevant document number referenced preceded by either the letters "CV," denoting that the document is listed on the docket in the civil case file number 3:21-cv-00309-MOC, or the letters "CR," denoting that the document is listed on the docket in the criminal case file number 3:14-cr-00229-MOC-DCK-12.

of life on Counts Seven and Nine, to be served concurrently to the term imposed on Count One. [CR Doc. 799 at 2: Judgment]. Judgment on Petitioner's conviction was entered on February 8, 2018. [Id.]. Petitioner appealed. [CR Doc. 810]. On July 31, 2018, on the Government's motion, the Fourth Circuit dismissed the appeal as barred by the appellate waiver in Petitioner's Plea Agreement. [CR Doc. 869].

On June 24, 2021, nearly three years after Petitioner's appeal was dismissed, Petitioner filed a pro se motion to vacate sentence under 28 U.S.C. § 2255. [CV Doc. 1]. Petitioner sought relief on three grounds: (1) "Fifth Amendment Due Process violation; (Multiplicity) Prosecutorial Misconduct… at the time of the plea of guilty and sentencing" because "Petitioner's counsel did not inform Petitioner, that he was pleading guilty to multiple counts in the indictment, stemming from the same alleged conduct;" (2) "Fifth Amendment violation. Ie; unconstitutionally vague statute ie; Residual clause violation," where "[s]ince Petitioner's plea of guilty," the Supreme Court "has extended its prior rulings to 'conspiracy' offenses. Which the Court has held, no longer qualify as crimes of violence" and "therefore, Petitioner stands convicted of acts the law no longer makes criminal;" and (3) ineffective assistance of counsel under the Sixth Amendment because "[a]t the time of the plea, a reasonable counsel would have known that allowing Petitioner to plea to multiple counts in the indictment, stemming from the same alleged conduct [w]ould violate his rights to effective assistance of counsel."[2] [Id. at 3-5].

_____

[2] Petitioner also sought a "reduction in sentence" under the First Step Act of 2018, which Petitioner states "put an end to the 'stacking' of 924(c) counts." Petitioner asks the Court "to take into account Petitioner's efforts to rehabilitate himself" and "the need to avoid disparities in sentences." [CV Doc. 1 at 8]. This request for relief was not properly brought in a § 2255 petition and Petitioner was not convicted under § 924(c), in any event. The Court denied and dismissed this claim without prejudice to Petitioner raising it in his criminal proceeding. Several months later, Petitioner moved in his criminal proceedings for a reduction in sentence under section 404 of the First Step Act. [CR Doc. 983]. The Court denied Petitioner's motion. [CR Doc. 989].

Petitioner acknowledged that his motion to vacate was filed more than one year after his judgment of conviction became final. [CV Doc. 1 at 10]. Petitioner argued that his motion was timely because his "predicate offenses no longer qualify as crimes of violence," he is "actually innocent in light of the residual clause being invalidated," excusing "the time bar." [Id. at 10]. Petitioner also referenced the Fourth Circuit's June 11, 2021 Order in In re Rahkeem Lee McDonald, No. 21-183, denying Petitioner's motion for authorization to file a second or successive 28 U.S.C. § 2255 because Petitioner had not previously filed a § 2255 motion in this Court. [Id. at 10]. For relief, Petitioner asked that "his VICAR [violent crimes in aid of racketeering activity], 18 U.S.C. § 924(c) counts of conviction" be vacated, for any other equitable relief the Court may order, and for appointment of counsel. [Id. at 12]. The Court denied Plaintiff's § 2255 motion as time-barred under 28 U.S.C. § 2255(f) because he did not file it until nearly two years and eight months after his conviction became final and, to the extent it relied on United States v. Davis, 139 S.Ct. 2319 (2019), two years after Davis. [CV Doc. 2].

Petitioner now purports to move pursuant to Rule 59(e) of the Federal Rules of Civil Procedure for the Court to reconsider its Order dismissing his § 2255 motion. [CV Doc. 10]. As grounds, Petitioner reiterates his claim that he received ineffective assistance of counsel because his attorney failed "to adequately inform him of the ramifications of pleading guilty to multiple counts in the indictment stemming from the same alleged conduct." [Id. at 1-2]. Petitioner also argues that the Court failed to adequately address his timeliness argument. [Id. at 2]. Petitioner furthers that his "delayed filing was prompted by the evolving legal landscape surrounding the definition of 'crime of violence'" and excused under § 2255(f)(2). [Id.]. Finally, Petitioner contends that the Court should have addressed the merits of his request for sentencing relief under the First Step Act. [Id. at 3].

While Petitioner here purports to seek relief under Rule 59(e), a motion to reconsider may be considered as a motion to alter or amend judgment under Fed. R. Civ. P. 59(e), or a motion for relief from judgment under Fed. R. Civ. P. 60(b). MLC Auto., LLC v. Town of S. Pines, 532 269, 278-80 (4th Cir. 2008). "The timing of the filing of the motion is the key factor in ascertaining which rule applies. The Fourth Circuit has said that 'a motion filed under both Rule 59(e) and Rule 60(b) should be analyzed only under Rule 59(e) if it was filed no later than [28] days after entry of the adverse judgment and seeks to correct that judgment.'" Bank v. M/V "Mothership", 427 F.Supp.3d 655, 659 (D. Md. May 20, 2019) (quoting Robinson v. Wix Filtration Corp. LLC, 599 F.3d 403, 412 (4th Cir. 2010) (citations omitted)). "A motion filed outside the 28-day window set forth in Rule 59(e) is considered under Rule 60[.]" Id. at 659 (citation omitted).

The Court, therefore, will consider Petitioner's motion under Rule 60(b).[3] Where a petitioner seeks relief from a judgment under Rule 60(b) on grounds other than clerical mistake, courts must treat such a motion as seeking successive post-conviction relief when failing to do so would allow the applicant to evade the bar against relitigation of claims presented in prior application or the bar against litigation of claims not presented in a prior application. United States v. Winestock, 340 F.3d 200, 206 (4th Cir. 2003) (requiring district courts to review Rule 60(b) motions to determine whether such motions are tantamount to a Section 2255 motion). Regarding

---

[3] Rule 60(b) allows relief from judgment or order for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud …, misrepresentation, or misconduct by an opposing part;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

4

Case 3:21-cv-00309-MOC   Document 11   Filed 04/17/24   Page 4 of 7

Rule 60(b) motions that are actually attempts at successive collateral review, the Fourth Circuit has stated:

> a motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application, while a motion seeking a remedy for some defect in the collateral review process will generally be deemed a proper motion to reconsider.

Id. at 207.

Petitioner's motion here appears to do both. That is, Petitioner argues that, on collateral review, in finding his motion time-barred, the Court failed to recognize an impediment to Petitioner timely filing his motion under § 2255(f)(2) and he attacks his conviction by reiterating his claim of ineffective assistance of counsel relative to his guilty plea. "When a § 2255 movant files a mixed Rule 60(b) motion and § 2255 motion, the district court should afford the movant an opportunity to elect between deleting the improper claims or having the entire motion treated as a successive motion." United States v. Hood, No. 22-6514, 2023 WL 5992755, at *1 (4th Cir. 2023) (citing United States v. McRae, 793 F.3d 392, 394, 400 (4th Cir. 2015)). However, a district court may forego the opportunity for such election and address the respective parts of a hybrid Rule 60(b) successive § 2255 motion. See id.

To the extent Petitioner seeks relief under Rule 60(b) based on the Court's conclusion that his motion to vacate was time-bared, this claim fails. To prevail under Rule 60(b), a party must make a threshold showing of (1) timeliness, (2) meritorious claim, (3) a lack of unfair prejudice to the opposing party, and (4) exceptional circumstances. Dowell v. State Farm Fire & Cas. Auto. Ins. Co., 993 F.2d 46, 48 (4th Cir. 1993). "After a party has crossed this initial threshold, he then must satisfy one of the six specific sections of Rule 60(b)." Id. (citing id.). "[W]here a motion is for reconsideration of legal issues already addressed in an earlier ruling, the motion is not authorized by Rule 60(b)." CNF Contractors, Inc. v. Donohoe Const. Co., 57 F.3d 395, 401 (4th

Cir. 1995).  Petitioner has failed to meet the threshold requirements to relief under Rule 60(b) and

he does nothing more than ask the Court to reconsider its legal ruling that his motion to vacate was

time-barred.   The Court, therefore, will deny and dismiss this part of Petitioner's motion.

To the extent Petitioner's motion seeks to relitigate his claim that he received ineffective

assistance of counsel relative to his guilty plea, Petitioner's motion must be construed as a § 2255

motion to vacate, notwithstanding its caption.  See Gonzalez v. Crosby, 545 U.S. 524, 530-31

(2005) (holding that Rule 60(b) motions are treated as successive habeas petitions); Everette v.

United States, No. 5:04-cv-358, 2012 WL 4486107, at *2-3 (E.D.N.C. Sept. 28, 2012); United

States v. MacDonald, 979 F. Supp. 1057, 1068 (E.D.N.C. 1997) (stating a motion to reopen is akin

to a successive habeas petition).  Since Petitioner has already filed a motion under § 2255 and this

Court has adjudicated the motion on the merits, Petitioner's instant motion is a "second or

successive" motion under § 2255.  Winestock, 340 F.3d at 206.

Pursuant to 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application

permitted by this section is filed in the district court, the applicant shall move in the appropriate

court of appeals for an order authorizing the district court to consider the application."  Thus,

Petitioner must first obtain an order from the United States Court of Appeals for the Fourth Circuit

before this Court will consider any second or successive petition under 28 U.S.C. § 2255.

Petitioner has not shown that he has obtained the permission of the United States Court of Appeals

for the Fourth Circuit to file a successive petition.  See also 28 U.S.C. § 2255(h) (stating that "[a]

second or successive motion must be certified as provided in section 2244 by a panel of the

appropriate court of appeals").  Accordingly, this successive petition must be dismissed.  See

Burton v. Stewart, 549 U.S. 147, 153 (2007) (holding that failure of petitioner to obtain

authorization to file a "second or successive" petition deprived the district court of jurisdiction to

consider the second or successive petition "in the first place").

The Court, therefore, will deny Plaintiff's motion both under Rule 60 and as a successive § 2255 motion as further provided in this Order.[4]   The Court further finds that Petitioner has not made a substantial showing of a denial of a constitutional right.  See generally 28 U.S.C. § 2253(c)(2); see also Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong") (citing Slack v. McDaniel, 529 U.S. 473, 484-85 (2000)).   Petitioner has failed to demonstrate both that this Court's dispositive procedural rulings are debatable, and that the Motion to Vacate states a debatable claim of the denial of a constitutional right.  Slack v. McDaniel, 529 U.S. at 484-85.  As a result, the Court declines to issue a certificate of appealability.  See Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts, 28 U.S.C. § 2255.

## ORDER

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion for Reconsideration [Doc. 10] is **DENIED** in accordance with the terms of this Order.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability.

Signed: April 16, 2024

**IT IS SO ORDERED.**

Max O. Cogburn Jr.
United States District Judge

---

[4] As to Petitioner's argument that the Court should revisit his First Step Act claim, the Court dismissed such claim without prejudice to Plaintiff seeking relief in his criminal proceeding.  The Court declines to further address it here.