# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## 3:21-cv-00309-MOC
## 3:14-cr-00229-MOC-DCK-12

| | | |
|---|---|---|
| **RAHKEEM LEE MCDONALD,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **vs.** | ) | **ORDER** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |
| ——————————————————— | ) | |

**THIS MATTER** is before the Court on Petitioner's Motion for Relief Pursuant to Fed. R. Civ. P., Rule 60(b)(6). [CV Doc. 12].[1]

On April 21, 2015, Petitioner Rahkeem Lee McDonald ("Petitioner") was charged in a Second Superseding Indictment with one count of RICO conspiracy in violation of 18 U.S.C. § 1962(d) (Count One): two counts of murder in aid of racketeering in violation of 18 U.S.C. § 1959(a)(1) and (2) (Counts Seven and Nine); and two counts of possession of a firearm in furtherance of a crime of violence resulting in death in violation of 18 U.S.C. § 924(c) and 924(j)(1) (Counts Eight and Ten). [CR Doc. 69: Second Superseding Bill of Indictment].

On October 20, 2015, Petitioner and the Government entered into a plea agreement pursuant to which Petitioner agreed to plead guilty to Counts One, Seven, and Nine and the Government agreed to dismiss Counts Eight and Ten. [CR Doc. 324: Plea Agreement]. Petitioner was sentenced to a term of imprisonment of 360 months on Count One and a term of imprisonment

---

[1] Citations to the record herein contain the relevant document number referenced preceded by either the letters "CV," denoting that the document is listed on the docket in the civil case file number 3:21-cv-00309-MOC, or the letters "CR," denoting that the document is listed on the docket in the criminal case file number 3:14-cr-00229-MOC-DCK-12.

of life on Counts Seven and Nine, to be served concurrently to the term imposed on Count One. [CR Doc. 799 at 2: Judgment]. Judgment on Petitioner's conviction was entered on February 8, 2018. [Id.]. Petitioner appealed. [CR Doc. 810]. On July 31, 2018, on the Government's motion, the Fourth Circuit dismissed the appeal as barred by the appellate waiver in Petitioner's plea agreement. [CR Doc. 869].

On June 24, 2021, nearly three years after Petitioner's appeal was dismissed, Petitioner filed a pro se motion to vacate sentence under 28 U.S.C. § 2255. [CV Doc. 1]. Petitioner sought relief on three grounds: (1) "Fifth Amendment Due Process violation; (Multiplicity) Prosecutorial Misconduct… at the time of the plea of guilty and sentencing" because "Petitioner's counsel did not inform Petitioner, that he was pleading guilty to multiple counts in the indictment, stemming from the same alleged conduct;" (2) "Fifth Amendment violation. Ie; unconstitutionally vague statute ie; Residual clause violation," where "[s]ince Petitioner's plea of guilty," the Supreme Court "has extended its prior rulings to 'conspiracy' offenses. Which the Court has held, no longer qualify as crimes of violence" and "therefore, Petitioner stands convicted of acts the law no longer makes criminal;" and (3) ineffective assistance of counsel under the Sixth Amendment because "[a]t the time of the plea, a reasonable counsel would have known that allowing Petitioner to plea to multiple counts in the indictment, stemming from the same alleged conduct [w]ould violate his rights to effective assistance of counsel."[2] [Id. at 3-5].

Petitioner acknowledged that his motion to vacate was filed more than one year after his judgment of conviction became final. [CV Doc. 1 at 10]. He argued that his motion was timely

---

[2] Petitioner also sought a "reduction in sentence" under the First Step Act of 2018. [CV Doc. 1 at 8]. The Court denied and dismissed this claim without prejudice to Petitioner raising it in his criminal proceeding. Several months later, Petitioner moved in his criminal proceedings for a reduction in sentence under the First Step Act, which the Court denied. [CR Docs. 983, 989].

because his "predicate offenses no longer qualify as crimes of violence," he was "actually innocent in light of the residual clause being invalidated," excusing "the time bar." [Id. at 10]. On August 11, 2021, the Court denied Plaintiff's § 2255 motion as time-barred under 28 U.S.C. § 2255(f) because he did not file it until nearly two years and eight months after his conviction became final and, to the extent it relied on United States v. Davis, 139 S.Ct. 2319 (2019), two years after Davis. [CV Doc. 2]. The Fourth Circuit dismissed Petitioner's appeal. [CV Docs. 4, 7].

Nearly three years later, Petitioner purported to move pursuant to Rule 59(e) of the Federal Rules of Civil Procedure for the Court to reconsider its Order dismissing his § 2255 motion. [CV Doc. 10]. As grounds, Petitioner repeated his claim that he received ineffective assistance of counsel because his attorney failed "to adequately inform him of the ramifications of pleading guilty to multiple counts in the indictment stemming from the same alleged conduct." [Id. at 1-2]. Petitioner also argued that the Court failed to adequately address his timeliness argument. [Id. at 2]. Petitioner further argued that his "delayed filing was prompted by the evolving legal landscape surrounding the definition of 'crime of violence'" and excused under § 2255(f)(2). [Id.].

Because Petitioner's motion was filed more than 28 days after the entry of the adverse judgment, the Court considered Plaintiff's motion under Federal Rule of Civil Procedure 60(b), not Rule 59(e).[3] [CV Doc. 11 at 4-6]. The Court noted Rule 60(b) motions must be treated as

---

[3] Rule 60(b) allows relief from judgment or order for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud …, misrepresentation, or misconduct by an opposing part;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

seeking successive post-conviction relief when failing to do so "would allow the applicant to evade the bar against relitigation of claims presented in prior application or the bar against litigation of claims not presented in a prior application." [Id. at 4 (citing United States v. Winestock, 340 F.3d 200, 206 (4th Cir. 2003)]. Because Petitioner's motion directly attacked his conviction and sought remedy for an alleged defect in the collateral review process, the Court treated it as a mixed Rule 60(b) and § 2255 motion and addressed the respective parts of the hybrid motion. [Id. at 5-6 (citing United States v. Hood, No. 22-6514, 2023 WL 5992755, at *1 (4th Cir. 2023))]. The Court denied his motion to the extent he sought relief under Rule 60(b) his motion did nothing more than ask the Court to reconsider its legal ruling that his motion to vacate was time-barred. [Id. at 5-6]. As to Petitioner's attempt to relitigate his claim of ineffective assistance of counsel relative to his guilty plea, the Court construed Petitioner's motion as a § 2255 motion. [Id. at 6]. Because the Court had adjudicated Petitioner's previous motion to vacate on the merits, the Court found that this portion of his purported Rule 60(b) motion was a "second or successive" motion under § 2255 and dismissed it. [Id. at 6-7 (citing Winestock, 340 F.3d at 206)].

Now pending his Petitioner's latest Rule 60(b)(6) motion for relief from the Court's Order dismissing his original motion to vacate. [Doc. 12]. As grounds, Petitioner claims that he is "actually innocent" because his attorneys advised him "to relinquish his [right] to the presumption of innocence." [Id. at 27 (alteration in original)]. Specifically, Petitioner claims that his trial attorneys provided ineffective assistance relative to plea negotiations and misadvised him regarding the Court's lack of discretion in sentencing Petitioner to life on Counts Seven and Nine, constituting "extraordinary circumstances" warranting relief. [Id. at 1-2, 6-9]. Petitioner argues "that actual innocence is the only 'extraordinary circumstance' that allows review" under Rule 60(b)(6) for federal defendants like Petitioner. [Id. at 2].

Petitioner also asserts that his attorneys were ineffective for failing to investigate and failing to request a hearing to determine Petitioner's competency because Petitioner had a history of mental illness, was uneducated, and facing a capital case. [Id. at 14-17]. Finally, Petitioner claims the plea agreement was fraudulent because it misrepresented the Court's discretion to impose less than a life sentence. [Id. at 8-9, 11, 23]. For relief, he asks that he be allowed to withdraw his guilty plea and either renegotiate a new plea agreement or proceed to trial. [Id. at 25-26].

The Court will deny Petitioner's motion. While "actual innocence" may allow an otherwise procedurally- or time-barred petitioner to seek relief from his conviction, McQuiggin v. Perkins, 569 U.S. 383 (2013), Petitioner has plainly failed to show his entitlement to such relief. Rather, Petitioner presents new grounds of ineffective assistance of counsel and obliquely claims that he is "actually innocent" because of them. His motion is simply another attempt to directly attack his conviction, which must be construed as a § 2255 motion to vacate, notwithstanding its caption. See Gonzalez v. Crosby, 545 U.S. 524, 530-31 (2005) (holding that Rule 60(b) motions are treated as successive habeas petitions); Everette v. United States, No. 5:04-cv-358, 2012 WL 4486107, at *2-3 (E.D.N.C. Sept. 28, 2012); United States v. MacDonald, 979 F. Supp. 1057, 1068 (E.D.N.C. 1997) (stating a motion to reopen is akin to a successive habeas petition). Since Petitioner has already filed a motion under Section 2255 and this Court has adjudicated the motion on the merits, the instant motion is a "second or successive" motion under § 2255. Winestock, 340 F.3d at 206.

Pursuant to 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Thus,

Petitioner must first obtain an order from the United States Court of Appeals for the Fourth Circuit before this Court will consider any second or successive petition under 28 U.S.C. § 2255. Petitioner has not shown that he has obtained the permission of the United States Court of Appeals for the Fourth Circuit to file a successive petition. See also 28 U.S.C. § 2255(h) (stating that "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals"). Accordingly, this successive petition must be dismissed. See Burton v. Stewart, 549 U.S. 147, 153 (2007) (holding that failure of petitioner to obtain authorization to file a "second or successive" petition deprived the district court of jurisdiction to consider the second or successive petition "in the first place").

The Court, therefore, will deny Plaintiff's Rule 60 motion as a successive § 2255 motion. The Court further finds that Petitioner has not made a substantial showing of a denial of a constitutional right. See generally 28 U.S.C. § 2253(c)(2); see also Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong") (citing Slack v. McDaniel, 529 U.S. 473, 484-85 (2000)). Petitioner has failed to demonstrate both that this Court's dispositive procedural rulings are debatable, and that his motion states a debatable claim of the denial of a constitutional right. Slack, 529 U.S. at 484-85. As a result, the Court declines to issue a certificate of appealability. See Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts, 28 U.S.C. § 2255.

## **ORDER**

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion for Relief [Doc. 12] is **DENIED** in accordance with the terms of this Order.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section

2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability.

       **IT IS SO ORDERED**.
Signed: January 27, 2025

Max O. Cogburn Jr
United States District Judge